## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

JUANITA ROMERO

      Plaintiff,

v.                            Case No: 8:25-cv-2914-KKM-CPT

LVNV FUNDING, LLC, and
RESURGENT CAPITAL SERVICES,
L.P.,

      Defendants.

_____

## ORDER

Plaintiff Juanita Romero filed a complaint in the County Court of Polk County, Florida, Small Claims Division, alleging that defendants LVNV Funding, LLC, and Resurgent Capital Services, L.P., violated provisions of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692e and 1692g(b) (Count I), and Fair Credit Reporting Act (FCRA), 15 U.S.C. §§ 1681i and 1681s-2(b) (Count II). *See* Compl. (Doc. 1-1). Defendants timely removed to this Court. *See* Notice of Removal (Doc. 1). Romero moves to remand. Mot. to Remand (Doc. 8). Defendants oppose. Resp. (Doc. 12). Because Romero purports to bring claims under two federal statutes, I deny the motion. Separately, I dismiss her complaint as an impermissible shotgun pleading.

A defendant may remove a state-court action to federal court if it qualifies as a "civil action . . . of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "The well-pleaded complaint rule means that a federal question is 'presented' when the complaint—on its face— invokes federal law as the basis for relief." *Schleider v. GVDB Operations, LLC*, 121 F.4th 149, 155 (11th Cir. 2024).

Romero's complaint invokes federal law. In moving to remand, Romero strangely insists that her state court complaint "specifically alleg[es] violations of the Florida Consumer Collection Practices Act (FCCPA)," "asserts no independent federal causes of action," and does "not intend to invoke federal jurisdiction." Mot. to Remand at 1. None of that is correct. Rather, Romero sued exclusively under federal law, seeking damages under the FDCPA and FCRA. Compl. at 1–2. Romero does not allege a claim under the FCCPA or any other state law. *Id.* Because a federal question is "presented" on the face of Romero's complaint, I deny her motion to remand.

2

Further, I find that Romero's complaint constitutes an impermissible shotgun pleading. Although the complaint contains a short statement of potentially relevant facts, neither of the two counts describe facts or incorporate other facts, making it virtually "impossible to comprehend which specific factual allegations the plaintiff intends to support which of his causes of action, or how they do so." *Est. of Bass v. Regions Bank, Inc.*, 947 F.3d 1352, 1358 (11th Cir. 2020); *cf. Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279 (11th Cir. 2006) ("The central problem is that the factual particularity of the first . . . paragraphs is not connected to the otherwise generally pled claim in any meaningful way."). Because neither purported federal claim incorporates any of the limited factual allegations, I conclude that Romero's complaint fails "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015).

Accordingly, the following is **ORDERED:**

1.    Romero's Motion to Remand (Doc. 8) is **DENIED.**

2.    Romero's Complaint (Doc. 1-1) is **DISMISSED without prejudice.**

3.    Romero may file an amended complaint no later than **December 1, 2025.** Should she fail to do so, this action will be dismissed without further notice.

**ORDERED** in Tampa, Florida, on November 17, 2025.

Kathryn Kimball Mizelle
United States District Judge